584 A.2d 1080

**DEPARTMENT OF TRANSPORTATION, Appellant,**

v.

**Harvey R. WALKER, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 19, 1990.

Decided Dec. 20, 1990.

Timothy P. Wile, Asst. Counsel–In–Charge of Appellate Section, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Harrisburg, for appellant.

David O. Williams, Lansdale, for appellee.

Before COLINS and KELLEY, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

This is an appeal by the Department of Transportation, Bureau of Driver Licensing (DOT) from an order of the Court of Common Pleas of Montgomery County (trial court), which reversed a 90–day license suspension imposed upon Harvey R. Walker (licensee) pursuant to Section 1785 of the Vehicle Code (Code), *as amended*, 75 Pa.C.S. § 1785.[1]

On September 8, 1989, the licensee was involved in an accident while driving an uninsured motor vehicle. Thereafter, DOT suspended his operating privileges for three months pursuant to 67 Pa.Code § 219.7(a).[2] On appeal to the trial court, the licensee argued that he had not violated Section 1785 of the Code because his wife was the owner of the subject vehicle at the time of the accident, and thus it was her responsibility to insure it. After a hearing *de novo*, the trial court entered an order sustaining the licensee's appeal. It is from this order that DOT appeals to this Court.[3]

Our review of the record reveals the following sequence of events:

In December 1988, the licensee and his wife separated. The licensee testified that, as part of the separation agree-

1. 75 Pa.C.S. § 1785 provides in pertinent part:
   If the department determines that the owner of a motor vehicle involved in an accident requiring notice to a police department pursuant to section 3746 ... did not maintain financial responsibility on the motor vehicle at the time of the accident, the department shall suspend the operating privilege of the owner, where applicable, and the department shall revoke the registration of the vehicle.

2. While 75 Pa.C.S. § 1785 does not specify the duration of an operating privilege suspension for failure to maintain financial responsibility upon a vehicle involved in a reportable accident, DOT regulations establish that such a suspension shall be for three months.

3. Our scope of review where the lower court hears the matter *de novo* is limited to a determination of whether or not the court based its findings of fact on substantial evidence or committed an error of law. *Woods v. Department of Transportation, Bureau of Traffic Safety*, 116 Pa.Commonwealth Ct. 294, 541 A.2d 846 (1988).

ment, he transferred ownership of a 1978 Ford Fairmont to his wife by filling out a special form as well as signing the back of the certificate of title in the presence of a notary public. Notes of Testimony of February 26, 1990 at 8–9, Reproduced Record at 13a–14a. The reason the licensee was operating the car at the time in question was because his wife had requested that he take it to the garage for new tires.

At the hearing before the trial court, the parties stipulated that two of the three elements of Section 1785 of the Code were not at issue. Specifically, it was stipulated that the September 8, 1989 accident was a reportable accident under Section 3746(a) of the Code, *as amended*, 75 Pa.C.S. § 3746(a), and that the car operated by the licensee was not covered by insurance at the time of the accident. Therefore, the only element at issue was whether the licensee was the owner of the car at the time of the accident. DOT submitted the police accident report as evidence of the licensee's ownership of the car at this time. The trial court, however, was troubled by the fact that the police accident report lists one address and phone number for the licensee as the operator of the car and a different address and phone number for the licensee as the owner of the car. The trial court also found the licensee's testimony regarding his transfer of the certificate of title to his wife to be extremely credible. It thus concluded that the licensee had no ownership interest in the car at the time of the accident.

The precise issue before this Court on appeal is whether a motorist remains the "owner" of a motor vehicle pursuant to Section 1785 of the Code where the motorist has executed and delivered to a transferee all of the documents necessary to transfer ownership of the motor vehicle, but the transferee fails to forward the documents to DOT for processing and, according to DOT's records, the motorist remains listed as the owner of the motor vehicle. According to DOT and our research, this is an issue of first impression within the Commonwealth.

Simply put, DOT's argument is that because its records indicated that the licensee still held title to the car at the time of the accident, the driver was properly suspended under Section 1785 of the Code. DOT also contends that the trial court erred in determining that the licensee's testimony was sufficient to support a finding of ownership transfer. In cases such as this, DOT believes that the licensee should be required either to produce the documentation purporting to transfer ownership or to present the testimony of the transferee that such a transfer of ownership had in fact occurred. While we see the logic in DOT's argument, our reading of the statutes involved in this case requires us to affirm the order of the trial court.

Our analysis begins with Section 1111 of the Code, *as amended*, 75 Pa.C.S. § 1111, which reads as follows:

(a) Duty of transferor.—In the event of the sale or transfer of the ownership of a vehicle within this Commonwealth, the owner shall execute an assignment and warranty of title to the transferee in the space provided on the certificate or as the department prescribes, sworn to before a notary public or other officer empowered to administer oaths, and deliver the certificate to the transferee at the time of the delivery of the vehicle.

(b) Duty of transferee.—Except as otherwise provided in section 1113 (relating to transfer to or from manufacturer or dealer), the transferee shall, within ten days of the assignment or reassignment of the certificate of title, apply for a new title by presenting to the department the properly completed certificate of title, sworn to before a notary public or other officer empowered to administer oaths, and accompanied by such forms as the department may require.

Whether a transferor has transferred ownership of a motor vehicle to a transferee is a factual determination to be made by the court below. Moreover, questions of credibility and the resolution of testimonial conflicts are for the court which hears the testimony. *Herbert v. Commonwealth*, 75 Pa.Commonwealth Ct. 28, 460 A.2d 920 (1983).

It was, therefore, within the province of the trial judge to accept as credible the uncontradicted testimony of the licensee that he fulfilled his duties as a transferor under Section 1111(a) of the Code. We will not disturb this finding on appeal. It follows that it was the responsibility of the licensee's wife, as a transferee, to apply for a new title within ten days of the assignment or reassignment of the certificate of title. 75 Pa.C.S. § 1111(b). The evidence of record reveals that she failed to do this.

Nevertheless, we believe that the licensee's wife's failure to forward the certificate of title to DOT for processing did not operate to prevent the transfer of ownership of the car to her. *See, e.g., Semple v. State Farm Mut. Auto. Ins. Co.,* 215 F.Supp. 645 (E.D.Pa.1963); *Quaker State Fin. Corp. v. Ankele,* 28 Leh. L.J. 417 (C.P.Pa.1959); *Braham & Co. v. Steinard–Hannon Motor Co.,* 97 Pa.Superior Ct. 19 (1929). We find the definition of "owner" to be particularly revealing here. Section 102 of the Code, *as amended,* 75 Pa.C.S. § 102 states that an "owner" is "[a] person, other than a lienholder, having the property right in or title to a vehicle. The term includes a person entitled to the use and possession of a vehicle subject to a security interest in another person, but excludes a lessee under a lease not intended as security." 75 Pa.C.S. § 102. In our view, this definition recognizes that there may be both a legal and an equitable owner of a motor vehicle. *See, e.g., Commonwealth v. Two Ford Trucks,* 185 Pa.Superior Ct. 292, 137 A.2d 847 (1958). It follows that Section 102 of the Code does not provide nor intend to provide that title to a motor vehicle shall determine absolute ownership of such. In fact, our research reveals that in Pennsylvania, the certificate of title constitutes no more than some evidence of ownership. *Semple,* 215 F.Supp. at 647; *Braham & Co.,* 97 Pa.Superior Ct. at 25.

Here, the trial court considered the evidence and determined that, although DOT's records reflected that the licensee held title to the car at the time of the accident, he, in fact, had no ownership interest in the car at this time

because he had previously taken all steps necessary to effectuate a transfer of ownership, and it being his wife's obligation, as a transferee, to apply for a new certificate of title. Based on our reading of the statutes involved in this case, we believe that the trial court correctly determined that the licensee had no ownership interest in the car at the time of the accident.

Accordingly, we will affirm the order of the trial court sustaining the licensee's appeal.

## ORDER

AND NOW, this 20th day of December, 1990, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby affirmed.