601 A.2d 471

**Randall D. McCAMEY, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 15, 1991.

Decided Dec. 30, 1991.

George P. Micacchione, for appellant.

No appearance for appellee.

Before DOYLE and SMITH, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

Randall D. McCamey (licensee) appeals from an order of the Court of Common Pleas of Lawrence County (trial court) sustaining the suspension of his driving privileges for refusal to submit to a blood test for alcohol content under

section 1547 of the Vehicle Code[1]. The order of the trial court is reversed.

On May 22, 1990, the licensee was arrested for driving under the influence. During the course of the arrest, the officer informed him that he would be taken to the hospital for a blood test and told him to lock his car. While locking his car the licensee fled. Despite two more confrontations between the licensee and the officer, the licensee was not apprehended or again placed in custody.

On June 13, 1990, the Department of Transportation (DOT) notified the licensee of his license suspension. The licensee appealed his suspension to the trial court. By order dated September 7, 1990, the trial court sustained the suspension and issued its opinion on November 8, 1990. The trial court reasoned, by analogy to the line of cases applying the "frustration of purpose" doctrine, that DOT met its evidentiary burden of establishing the statutory requirements for a license suspension because the licensee's conduct "frustrated" the officer's efforts to comply with his statutory duties.[2] The licensee's appeal to this Court followed.[3]

1. 75 Pa.C.S.. § 1547(b)(1) provides that if any person placed under arrest for driving under the influence is requested to submit to chemical testing and refuses to do so, DOT shall suspend the operating privilege of the person for a period of twelve months.

2. The frustration of purpose doctrine provides that a refusal under section 1547 can be implied from the conduct of the licensee which obstructs or frustrates the administration of the chemical test. *Dep't of Transp., Bureau of Traffic Safety v. Mumma,* 79 Pa.Commonwealth Ct. 108, 468 A.2d 891 (1983). For example, in *Department of Transportation, Bureau of Traffic Safety v. Jones,* 38 Pa.Commonwealth Ct. 400, 395 A.2d 592 (1978), this Court found a refusal where the motorist failed to supply a sufficient sample of air for the breathalyzer. Notably, all the cases applying the doctrine address the conduct of a licensee *after* an officer has fulfilled his statutory duties of requesting the licensee to submit to a chemical test and warning him of the consequences of a refusal.

3. This court's scope of review on appeal is limited to determining whether the findings of fact are supported by competent evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Dep't of Transp., Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989).

The issue raised on appeal is whether DOT met its burden of proving the statutory requirements to support a suspension of a licensee's operating privileges under section 1547 where the licensee fled the scene of the arrest prior to being requested to take a blood test and warned of the consequences of a refusal.

As a condition of maintaining a driver's license, all drivers are subject to implied consent requirements and must submit to blood and breath tests under appropriate circumstances. 75 Pa.C.S. § 1547(a); *Dep't of Transp., Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989). An operator's driving privileges may be suspended for refusal to submit to alcohol testing where DOT proves that (1) the driver involved was placed under arrest for driving while under the influence of alcohol and that the arresting officer had reasonable grounds to believe the driver was intoxicated; (2) the driver was asked to submit to alcohol testing; (3) the driver refused to do so; and (4) the officer warned the driver that failure to submit to a test would result in suspension of driving privileges. *Dep't of Transp., Bureau of Driver Licensing v. Kilrain*, 140 Pa.Commonwealth Ct. 484, 593 A.2d 932 (1991).

The licensee here alleges that DOT has failed to meet its burden of proving that the officer *requested* him to take a blood test, as distinguished from being "informed" that he would be taken to the hospital for that purpose. In disposing of this argument, we simply note that the licensee's counsel admitted in his closing statement before the trial court that the licensee refused to submit to the blood test. Original Record (O.R.) at 14, Reproduced Record (R.R.) at 22(a). This admission reveals that the licensee refused what he, in fact, understood to be a request by the officer to submit to a blood test.

The licensee also alleges that DOT failed to establish that the officer warned the licensee of the consequences of a refusal to submit to the blood test. Section 1547(b)(2) of the Vehicle Code provides that "[i]t shall be the duty of

the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing." 75 P.S. 1547(b)(2). This unambiguous statutory requirement imposes an affirmative duty on the officer to convey the certainty of suspension, mandated by statute upon a licensee's refusal to submit to a chemical test, and demands strict compliance. *Peppelman v. Commonwealth*, 44 Pa.Commonwealth Ct. 262, 403 A.2d 1041 (1979).

■ The officer here testified that he did not warn the licensee and that the licensee's flight prevented his transport to a more suitable environment in which the request for a blood test and the relevant warnings would have been provided. O.R. at 5–9, R.R. at 13a–17a. However, the officer's testimony as to his future conduct is an insufficient evidentiary foundation for a finding that the officer fulfilled the statutory duty to warn a licensee of the consequences of a refusal to submit to a chemical test. Further, we specifically reject the trial court's application of the frustration of purpose doctrine to establish an officer's compliance with his statutory duties.

Accordingly, the order of the Court of Common Pleas suspending the driver's privileges for one year is reversed.

## ORDER

AND NOW, this 30th day of December, 1991, the order of the Court of Common Pleas of Lawrence County in the above-captioned matter is hereby reversed.