## PennDOT v. Savini

*John A. DiGiamberadino*, for Mark A. Savini.
*David A. Lehr*, for PennDOT.

SPRECHER, *J.*, August 17, 1992—On May 7, 1992, the undersigned issued an order denying the appeal of Mark A. Savini from suspension of his driver's license for refusal to submit to chemical testing pursuant to 75 Pa.C.S §1547. Mr. Savini appealed this order to the Superior Court which transferred the matter to the Commonwealth Court.

### FACTS

On July 5, 1991, at approximately 1 a.m., Officer R. Brian Horner of the Maidencreek-Ontelaunee Joint Police

Department, was running Vascar on Route 61 at the intersection of Hiller Lane, Ontelaunee Township, Berks County, Pennsylvania. Officer Horner clocked a vehicle operated by Mr. Savini travelling at a speed of 66.7 miles per hour in a 55 miles per hour speed zone. The officer activated his emergency lighting and siren and successfully stopped Mr. Savini.

Upon speaking with Mr. Savini, Officer Horner detected a strong odor of an alcoholic beverage on Mr. Savini's breath. Officer Horner recognized Mr. Savini from an encounter several hours earlier. At approximately 9 or 10 p.m. on July 4, 1992, Officer Horner had spoken with Mr. Savini concerning the use of fireworks. Mr. Savini, at that time, smelled of alcohol, was holding an alcoholic beverage in his hand, and was, in the officer's opinion, intoxicated.

On the basis of Officer Horner's present observations and his dealings with Mr. Savini earlier that evening, the officer requested that Mr. Savini perform field sobriety tests. Mr. Savini failed these tests and, as a result, Officer Horner placed Mr. Savini under arrest for driving under the influence. Officer Horner then asked Mr. Savini if he would submit to a blood alcohol test. Mr. Savini was advised that he would automatically lose his driving privileges for one year if he refused to undergo chemical testing.

Mr. Savini was given several chances to answer whether he would submit to testing. He expressed concern that this incident was going to "screw up" his life, but he did not answer the question. After refusing to answer for approximately 10 minutes, Mr. Savini took off running. Officer Horner and another officer gave chase but when

Mr. Savini dove and rolled down a 25- to 30-foot embankment and ran off through a lower field, the officers, fearing injury, returned to the site of the initial stop.

Mr. Savini returned to the scene approximately five minutes later with his hands in the air, stating that he was giving up. Officer Horner informed Mr. Savini that his failure to actually consent to chemical testing and his fleeing the scene would be considered a refusal to submit to testing.

Mr. Savini acknowledged in his petition receipt of notice from the Pennsylvania Department of Transportation, dated October 15, 1991, informing him that his license would be suspended for refusal to submit to chemical testing upon arrest for driving under the influence of alcohol on July 5, 1991.

## ISSUES

Mr. Savini's statement of matters complained of, filed pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, raises three issues as follows:

(1) Whether the defendant was properly informed of the consequence of refusing to submit to a blood test?

(2) Whether the defendant refused to submit to a blood test?

(3) Whether the Commonwealth submitted evidence indicating that it was attempting to suspend the defendant's driver's license for refusal to submit to a blood test?

## DISCUSSION

In order to suspend an individual's license for refusal to submit to chemical testing pursuant to section 1547(b) of the Vehicle Code (75 Pa.C.S §101 et seq.), the Com-

monwealth must establish that the driver involved: (1) was arrested for driving while under the influence of alcohol and that the arresting officer had reasonable grounds to believe that the operator was driving while intoxicated; (2) was asked to submit to chemical testing; (3) refused to do so; and (4) was specifically warned that a refusal would result in a license suspension. *PennDOT v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989); *PennDOT v. Weichey*, 143 Pa. Commw. 19, 598 A.2d 575 (1991).

Mr. Savini asserts that the Commonwealth failed to meet its burden of establishing that the officer provided the requisite warnings pursuant to section 1547 of the Vehicle Code of the consequences of failure to submit to testing. Section 1547(b)(2) of the Vehicle Code states that, "[i]t shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing." The officer has an "affirmative duty ... to convey the certainty of suspension...." *McCamey v. Commonwealth*, 144 Pa. Commw. 292, 296, 601 A.2d 471, 473 (1991).

Officer Horner testified that he unequivocally explained to Mr. Savini that if he refused to submit to a blood test he would automatically lose his driving privileges for one year. Mr. Savini stated, to the contrary, that he was never warned of the consequences of a refusal. Whether or not such a warning was provided is a factual determination. Any question of credibility and the resolution of testimonial conflicts necessary to make such a determination are within the province of the trial court. *PennDOT v. Walker*, 136 Pa. Commw. 704, 584 A.2d 1080 (1990). The undersigned, having had the oppor-

tunity to hear both witnesses determined that Officer Horner's testimony was credible and that the requisite warning was given.

Mr. Savini additionally asserts that he did not refuse to undergo chemical testing. Officer Horner testified that he considered Mr. Savini's actions to be a refusal and this court agrees. The undersigned credits the testimony of Officer Horner that subsequent to the requisite warning, Mr. Savini was asked a number of times over a 10-minute period whether he wished to be tested. Mr. Savini refused to give a definite yes or no answer prior to his decision to flee the scene.

A refusal under section 1547 of the Vehicle Code "is anything substantially short of an unqualified, unequivocal assent to a police officer's request to submit to chemical testing." *Murray v. Commonwealth,* 143 Pa. Commw. 358, 362, 598 A.2d 1356, 1358 (1991). Mr. Savini's actions fall far short of even a qualified or equivocal assent. He refused to answer and then ran away. The fact that Mr. Savini never verbally refused testing is irrelevant. *Balthazar v. PennDOT,* 123 Pa. Commw. 435, 553 A.2d 1053 (1989). Mr. Savini's refusal is not vitiated by his alleged assent to testing upon his return to the scene. *PennDOT v. Tomczak,* 132 Pa. Commw. 38, 571 A.2d 1104 (1990).

Mr. Savini's final assignment of error questions "[w]hether the Commonwealth submitted evidence indicating that it was attempting to suspend the defendant's driver's license for refusal to submit to a blood test." The basis for this issue is apparently section 1550(c) of the Vehicle Code which states, in relevant part, that the trial court shall "determine whether the petitioner is in

fact the person whose operating privilege is subject to the ... suspension...." The exact nature of this requirement is unfortunately unclear as no explanatory cases were discovered. This court is thus left to its own interpretation.

Based upon a preponderance of the evidence presented, this court determined that Mr. Savini is the person whose license is subject to suspension. At the time of the incident, Officer Horner gathered license information which, in turn, was supplied to the Department of Transportation. The department acted upon this information and sent notice to Mr. Savini of the refusal suspension. In his petition, Mr. Savini acknowledged receipt of the notice and asserted that he had, on the date in question, consented to chemical testing. At hearing, Officer Horner recognized Mr. Savini as the individual who had refused testing. Mr. Savini never denied and, in fact, acknowledged that he was that person.

For the above-stated reasons, the undersigned respectfully submits that, as the decision is supported by substantial evidence and demonstrates neither an erroneous conclusion of law nor a manifest abuse of discretion, the order at issue should be affirmed. *PennDOT v. Humphrey*, 136 Pa. Commw. 515, 583 A.2d 868 (1990).