618 A.2d 1209

Ze'ev KVIATKOVSKY, Petitioner,

v.

PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 16, 1992.

Decided Dec. 21, 1992.

292

Ze'ev Kviatkovsky, petitioner, pro se.

Rhonda L. Daviston, Asst. Counsel, for respondent.

Before DOYLE, COLINS and KELLEY, JJ.

COLINS, Judge.

Ze'ev Kviatkovsky (Kviatkovsky) petitions for review of a final order of the Pennsylvania Public Utility Commission (PUC) which sustained the imposition of a $2,000 civil penalty

against Kviatkovsky for several violations of the Public Utility Code (Code), 66 Pa.C.S. §§ 101–3315. We affirm.

Kviatkovsky owns a 1985 Plymouth taxicab, Company No. P–654, and employs Jean Torres (Torres) to drive and operate the taxicab. On February 7, 1991, Torres, on behalf of Kviatkovsky, presented the taxicab to the PUC for a medallion inspection. PUC Enforcement Officer Thomas McManus inspected the vehicle and found: (1) that the vehicle had not received its annual state inspection as required by the Vehicle Code, 75 Pa.C.S. §§ 101–9701; (2) that a counterfeit motor vehicle certificate of inspection was affixed to the windshield; (3) that the emission inspection had not been performed by an official emission inspection station; and (4) that Kviatkovsky possessed a counterfeit certificate of inspection. After finding these violations, Officer McManus discontinued the inspection.

On July 12, 1991, the PUC initiated a complaint against Kviatkovsky alleging that he had committed the above-mentioned violations. Kviatkovsky filed an answer in which he denied liability by asserting that neither he nor the driver of the taxicab were aware that the inspection stickers were counterfeit and that he had corrected the situation immediately after he was informed that the stickers were counterfeit.

■ A hearing on the PUC's complaint was held on September 5, 1991 before PUC Special Agent Cynthia M. Williams. Special Agent Williams sustained the complaint and imposed a $2,000 civil penalty by an Initial Decision dated November 26, 1991. The PUC affirmed this decision and sustained the $2,000 penalty by a Final Order entered April 23, 1992. Kviatkovsky appeals to this Court for review of the PUC's Final Order.[1]

Kviatkovsky makes the following arguments on appeal: (1) the PUC has no jurisdiction over the subject vehicle; and (2)

---

1. Our scope of review of a PUC decision is limited to the determination of whether Kviatkovsky's constitutional rights were violated, whether the PUC committed errors of law, or whether the PUC's findings of fact are supported by substantial evidence. *W.C. McQuaide, Inc. v. Pennsylvania Public Utility Commission*, 137 Pa.Commonwealth Ct. 282, 585 A.2d 1151 (1991).

the $2,000 fine is unduly harsh. We will first address the question of jurisdiction.

■ Kviatkovsky alleges that the PUC did not have the jurisdiction necessary to assess penalties against him. Kviatkovsky contends that Section 2404(e) of the Code,[2] only gives the PUC jurisdiction to assess penalties against taxicabs in operation and, therefore, the PUC has no jurisdiction over the vehicle he submitted for inspection, because it was never authorized to operate as a taxicab. We disagree.

Kviatkovsky's whole legal argument is based on his factual assertion that the vehicle he submitted was not in operation as a taxicab but was merely an ordinary vehicle he had purchased, with the intent to use it as a taxicab. Kviatkovsky's legal argument must fail because the PUC, in its role as fact-finder, soundly rejected Kviatkovsky's factual position.[3]

Kviatkovsky's assertion that he presented an ordinary vehicle for a medallion inspection is contrary to the PUC's Findings of Fact Nos. 2 and 5, which state:

2. The Respondent [Kviatkovsky] was issued Certificates of Public Convenience by this Commission on July 27, 1988 and September 20, 1988 at Application Docket No. A–00107455, TX–655 and TX–654, respectively.

. . . .

5. On February 7, 1991, the Respondent presented a 1985 Plymouth                    taxicab

2. Section 2404(e) of the Code, 66 Pa.C.S. § 2404(e), provides:
  (e) Penalties involving certificated taxicabs.—Operating a certificated taxicab in violation of subsections (a) and (b) or authorizing or permitting such operation is a nontraffic summary offense. Offenders of subsections (a) and (b) may also be subject to civil penalties pursuant to section 3301 (relating to civil penalties for violations).

3. Kviatkovsky presented testimony that his employee, Torres, purchased the vehicle from a man he did not know but did not receive title to the vehicle. Kviatkovsky also testified that he did not know the inspection stickers were counterfeit. See the September 5, 1991 hearing transcript at page 4.
  Special Agent Williams stated that "the testimony offered by the Respondent [Kviatkovsky] is incredible." See the PUC Initial Decision at page 5.

bearing Pennsylvania License No. TX20448, Vehicle Identification No. 1P3BB2642FX664101, Company No. P–654 to the Commission for a medallion inspection.

On appeal, Kviatkovsky may not substitute his version of the facts for those of the fact-finder in order to better his appellate legal position. This Court will not engage in a *de novo* review of the facts. The PUC is the ultimate fact-finder, who determines the weight and credibility of the evidence presented, and this Court acknowledges the PUC's findings as conclusive on appeal, unless they are not supported by substantial evidence. *Middletown Township v. Pennsylvania Public Utility Commission*, 85 Pa.Commonwealth Ct. 191, 482 A.2d 674 (1984).

Substantial evidence is commonly defined as relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Samuel J. Lansberry, Inc. v. Pennsylvania Public Utility Commission*, 134 Pa.Commonwealth Ct. 218, 578 A.2d 600 (1990), *petition for allowance of appeal denied*, 529 Pa. 654, 602 A.2d 863 (1992). At Kviatkovsky's hearing before Special Agent Williams, PUC Enforcement Officer Thomas McManus testified that: (1) the subject taxicab was presented to him for a medallion inspection; (2) he inspected the vehicle; (3) the vehicle had the identification numbers listed in Finding of Fact No. 5; and (4) he found PUC Code violations on the subject vehicle. Officer McManus's testimony is more than sufficient to satisfy the substantial evidence test.[4]

Accordingly, Kviatkovsky's jurisdiction argument fails, because the PUC's fact-findings are conclusive, and those findings state that Kviatkovsky presented a taxicab for medallion inspection. Kviatkovsky's presentation of the taxicab for the medallion gave the PUC jurisdiction to evaluate the vehicle's compliance with the Code.

Kviatkovsky also argues that the $2,000 penalty imposed by the PUC is harsh, unjustified, and threatening to the

4. See the September 25, 1991 hearing transcript at page 4.

economic viability of his business. Kviatkovsky requests that this Court release him from the fine imposed by the PUC. We may not reduce or modify a fine imposed by the PUC, unless the PUC's decision violated Kviatkovsky's constitutional rights or is based on errors of law or findings of fact unsupported by substantial evidence. *Newcomer Trucking, Inc. v. Pennsylvania Public Utility Commission*, 109 Pa.Commonwealth Ct. 341, 531 A.2d 85 (1987). As we have discussed above, Kviatkovsky has not established that the PUC's decision was legally deficient. Therefore, the penalty against him must stand unless the fine exceeds that allowed by Pennsylvania statute.

■ Section 3301(a) of the Code, 66 Pa.C.S. § 3301(a), limits PUC violation penalties to $1,000. Section 3301(a) provides, in relevant part:

(a) **General rule.**—If any public utility, or any other person or corporation subject to this part, shall violate any of the provisions of this part ..., such public utility, person or corporation for such violation, ... shall forfeit and pay to the Commonwealth a sum not exceeding $1,000....

In *Newcomer Trucking*, we construed Section 3301(a) of the Code to allow the PUC to impose a $1,000 fine for each violation. "[I]t becomes obvious that Section 3301(a) of the Code permits the PUC to impose a fine of up to $1,000 for each and every discrete violation of the Code or PUC regulation, regardless of the number of violations that occur." *Id.* at 344, 531 A.2d at 87.

The PUC identified four different violations that Kviatkovsky committed and was, therefore, empowered by Section 3301(a) of the Code to assess up to $4,000 in fines. The PUC's assessment of a $2,000 penalty is clearly permissible under Section 3301(a).

Accordingly, the Final Order of the PUC is affirmed.

## ORDER

AND NOW, this 21st day of December, 1992, the order of the Pennsylvania Public Utility Commission in the above-captioned matter is affirmed.