634 A.2d 686

**Clare W. McCLELLAN, Petitioner,**

v.

**PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1993.

Decided Nov. 17, 1993.

Andrew W. Green, for petitioner.

Terrence J. Buda, Asst. Counsel, for respondent.

Julia A. Conover, for intervenor Bell Telephone Co. of Pa.

Before COLINS and PELLEGRINI, JJ., LORD, Senior Judge.

COLINS, Judge.

Clare W. McClellan (McClellan) petitions for review of an order of the Pennsylvania Public Utility Commission (PUC), which granted Bell Telephone Company's (Bell) motion to strike McClellan's exceptions, adopted the initial decision of the Administrative Law Judge (ALJ), and dismissed McClellan's complaint against Bell.

McClellan is a telephone customer who alleges that his telephone line had been illegally wiretapped for the two years

prior to his complaint. He wrote Bell several letters demanding that Bell check his phone line and inform him if it was being wiretapped. In these letters, McClellan stated that he had a right to private line telephone service free from wiretaps. McClellan also sent Bell a bill for $100,000 in damages.

On December 4, 1991, after Bell did not take action satisfactory to McClellan, he filed a formal complaint with the PUC. McClellan alleged that there was an illegal wiretap on his phone line, that Bell refused to investigate this wiretap, and that Bell had illegally shut off his telephone service. Bell filed an answer to McClellan's complaint stating that it had insufficient knowledge to admit or deny that an illegal wiretap had been attached to McClellan's phone line. Bell also stated in its answer that the PUC's Bureau of Consumer Services had approved its suspension of McClellan's phone service. McClellan filed objections to Bell's answer.

After a prehearing conference in February of 1992, Bell filed a motion to dismiss McClellan's complaint. McClellan filed a motion to quash Bell's motion to dismiss. The ALJ issued an initial decision on June 15, 1992, which dismissed McClellan's complaint without a hearing. The ALJ ruled that the PUC had no jurisdiction to authorize wiretaps, to hear criminal prosecutions involving unlawful wiretaps, or to entertain civil suits by victims of unlawful wiretaps; therefore, it did not have jurisdiction to provide the relief sought by McClellan.

McClellan filed exceptions to the ALJ's initial decision. Bell filed a motion to strike McClellan's exceptions. On March 3, 1993, the PUC entered a final opinion and order, which granted Bell's motion to strike the exceptions and dismissed McClellan's complaint. The PUC stated both that it did not have jurisdiction over the issues McClellan raised and that McClellan's exceptions must be stricken, because McClellan failed to comply procedurally with 52 Pa.Code § 5.533, which sets out the proper form for filing exceptions with the PUC. McClellan now petitions this Court for review of the PUC's order.

■ Our scope of review of a decision of the PUC is limited to determining whether constitutional rights were violated, whether the PUC committed errors of law, or whether the PUC's findings of fact are supported by substantial evidence. *Kviatkovsky v. Pennsylvania Public Utility Commission,* 152 Pa.Commonwealth Ct. 291, 618 A.2d 1209 (1992). The only issue McClellan raises is whether the PUC erred, when it ruled that it had no jurisdiction over McClellan's complaint.

First, McClellan argues that Section 701 of the Public Utility Code (Code), 66 Pa.C.S. § 701, confers jurisdiction on the PUC to act in matters involving illegal wiretaps. Section 701 of the Code provides, in pertinent part:

> The commission, or any person, corporation, or municipal corporation having an interest in the subject matter, or any public utility concerned, may complain in writing, setting forth any act or thing done or omitted to be done by any public utility in violation, or claimed violation, of any law which the commission has jurisdiction to administer, or of any regulation or order of the commission.

McClellan, while conceding that the PUC is not the obvious forum to adjudicate wiretap claims, attempts to bring this matter within the jurisdiction of the PUC by characterizing the wiretap matter as a "service" problem. McClellan claims that his complaint is about poor service by a utility (Bell), because he has a right to a wiretap-free phone line, and because Bell refuses either to inform him whether his line is wiretapped or remove any wiretaps from his line.

We disagree with McClellan's characterization of this matter as a service problem, because it is a futile attempt to force the PUC to address a matter which clearly must be adjudicated in the courts. Section 701 of the Code does not confer jurisdiction on the PUC to adjudicate wiretap matters.

■ The Wiretapping and Electronic Surveillance Control Act (Act), 18 Pa.C.S. §§ 5701–5781, governs the issues raised by McClellan in his complaint. Section 5725 of the Act, *as amended,* 18 Pa.C.S. § 5725, provides for civil remedies for violations of the Act. These civil remedies must be pursued in

the courts and not before administrative agencies. Section 5721 of the Act, 18 Pa.C.S. § 5721, states that all of the remedies provided for in the Act (which include civil damages, criminal prosecution, and removal of government officials from office) are the exclusive judicial remedies and sanctions that are available for wiretap violations. Section 5721 of the Act gives the courts the exclusive power to determine the legality of electronic surveillance. The PUC does not have jurisdiction to authorize wiretaps, to hear criminal prosecutions involving illegal wiretaps or to provide civil remedies for victims of illegal wiretaps. This lack of jurisdiction is predicated on the PUC's lack of authority to determine the legality of an instance of electronic surveillance. It is clear that McClellan must pursue his complaint against Bell in common pleas court, because the PUC has no jurisdiction over matters governed by the Act.

Second, McClellan argues that the PUC has jurisdiction over his complaint pursuant to either the doctrine of primary jurisdiction or the exhaustion of remedies doctrine. We disagree and conclude that neither of these doctrines apply, because the PUC does not have jurisdiction to administer the Act.

McClellan's argument that the PUC has jurisdiction over this matter pursuant to the exhaustion of remedies doctrine is misguided. The exhaustion of remedies doctrine, which requires a litigant to exhaust all administrative remedies before seeking equity in the courts, applies only where the administrative agency has jurisdiction to provide any remedy at all. This doctrine does not apply to the present matter, because the PUC does not have jurisdiction to provide any remedy to victims of illegal electronic surveillance.

The primary jurisdiction doctrine is also inapplicable in this case. This doctrine states essentially, that where an administrative agency has a particular expertise in an area of law raised by a complainant, the courts should defer judicial action until the agency has ruled on those aspects of the litigation within its expertise. *E.L.G. Enterprises Corp. v.*

*Gulf Oil Company,* 291 Pa.Superior Ct. 414, 435 A.2d 1295 (1981). In the instant matter, the opposite is true. The PUC has no expertise whatsoever in deciding the legality of wiretapping or otherwise administering the Act. These areas are clearly within the domain of the courts. Therefore, the primary jurisdiction doctrine does not confer jurisdiction on the PUC.[1]

Accordingly, the order of the PUC is affirmed.

## ORDER

AND NOW, this 17th day of November, 1993, the order of the Pennsylvania Public Utility Commission in the above-captioned matter is affirmed.

---

1. McClellan also raises the issue of whether he had complied with the PUC's regulation at 52 Pa.Code § 5.533, regarding the procedure for filing exceptions. This procedural issue is mooted by our determination that the PUC has no jurisdiction over McClellan's complaint. Accordingly, this Court will not address the merits of that issue.