**Patrick John PURCELL, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 10, 1997.

Decided Feb. 19, 1997.

Nicholas A. Quinn, Pottsville, for appellant.

Barbara A. Darkes, Assistant Counsel, and Timothy P. Wile, Assistant Counsel In–Charge, Harrisburg, for appellee.

Before COLINS, President Judge, FLAHERTY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

Patrick John Purcell (Purcell) appeals from the order of the Court of Common Pleas for the 26th Judicial District that dismissed Purcell's appeal of the Department of Transportation, Bureau of Driver Licensing's (Department) suspension of his driver oper-

ating privileges because Purcell refused to submit to chemical testing pursuant to Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547. We affirm.

On January 27, 1996, Police Officer Michael Hummel of the Girardville Police Department, Schuylkill County, observed the driver's side door of a Chevrolet Blazer open and what appeared to be a beer can being tossed from the vehicle. Officer Hummel pursued the vehicle and stopped it shortly thereafter. Purcell was the driver of the vehicle and Officer Hummel requested that he produce his driver's license, owner's card and insurance information at which time Officer Hummel smelled a strong odor of alcohol coming from Purcell. Officer Hummel observed several beer cans in the vehicle and requested Purcell perform three sobriety tests, all of which Purcell failed. Officer Hummel then administered a preliminary breath test to Purcell which registered a blood alcohol reading of .15 percent, the highest reading permitted by the instrument.

Officer Hummel then placed Purcell under arrest for driving under the influence of alcohol and advised him of the implied consent law. Specifically, Officer Hummel requested Purcell submit to a blood test to determine his accurate blood alcohol content and advised him that he did not have the right to confer with an attorney prior to such testing and that if he refused to submit to testing his license would be suspended.

Purcell made no response, but before Officer Hummel handcuffed him, he ran. Officer Hummel pursued him, catching him one block away. However, Purcell again escaped and this time, Officer Hummel was unable to catch him. Two days later, Purcell turned himself in to the Girardville Police. Officer Hummel deemed Purcell's flight a refusal to submit to chemical testing of his blood and

upon notification, the Department suspended Purcell's operating privileges.

Purcell appealed the suspension to the trial court on the basis that the Department failed to meet its burden under Section 1547 of the Vehicle Code because Officer Hummel did not give him his *Miranda* warnings[1] and because his flight did not constitute a refusal to submit to chemical testing of his blood to determine the alcohol content. The trial court found that the Department had met its burden and dismissed Purcell's appeal.

On appeal to this Court,[2] Purcell again argues that the trial court's findings of fact are not supported by substantial evidence[3] and thus, it erred as a matter of law in concluding that the Department had met its burden of proof under Section 1547 of the Vehicle Code.

To sustain a license suspension under Section 1547 of the Vehicle Code, the Department must establish that the driver involved 1) was arrested for driving under the influence of alcohol, 2) was requested to submit to a chemical test, 3) refused to submit to such test and, 4) was specifically warned that a refusal would result in revocation of his driver's license. *Wheatley v. Department of Transportation,* 104 Pa.Cmwlth. 171, 521 A.2d 507 (1987).

Purcell asserts that the trial court's findings are not supported by substantial evidence. These findings which Purcell challenges are that: 1) he was not requested to give a blood test, 2) did not receive *Miranda* Warnings, and 3) was not advised by Officer Hummel that his license would be suspended for one year, pursuant to the dictates of *O'Connell.* However, Officer Hummel testified that he did request Purcell submit to a chemical test, and gave him both *Miranda* and *O'Connell* warnings. The trial court credited this testimony. Because whether or

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. This Court's scope of review on appeal is limited to determining whether the findings of fact are supported by competent evidence or whether the trial court committed an error of law or abused its discretion in reaching its decision. *Department of Transportation, Bureau of Traffic*

*Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989).

3. Substantial evidence is defined as "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Kviatkovsky v. Pennsylvania Public Utility Commission,* 152 Pa.Cmwlth. 291, 618 A.2d 1209, 1211 (1992).

not there has been a request to submit to chemical testing is a factual determination to be made by the trial court, *Department of Transportation, Bureau of Traffic Safety v. Pedick,* 44 Pa.Cmwlth. 44, 403 A.2d 181 (1979), our review is limited to those findings supported by substantial evidence. Further, conflicts in testimony and credibility determinations are to be made by the trial court, *Phillips v. Commonwealth,* 84 Pa.Cmwlth. 217, 478 A.2d 958 (1984).

 Although whether a licensee has refused chemical testing is a question of law, based upon the facts as found the trial court, *Smith v. Department of Transportation, Bureau of Driver Licensing,* 655 A.2d 232 (Pa. Cmwlth.1995), in making that review, this Court is bound by the trial court's findings, if supported by substantial evidence, with regard to the licensee's conduct in response to the request for submission to a chemical test or in attempting to perform the requested test. *Department of Transportation, Bureau of Driver Licensing v. Kilrain,* 140 Pa.Cmwlth. 484, 593 A.2d 932 (1991). Any response from a licensee arrested for drunk driving to a police officer's request for a chemical test which is substantially less than an unqualified, unequivocal assent to the test requested by the officer constitutes a refusal to submit to chemical testing. *Department of Transportation v. Renwick,* 543 Pa. 122, 669 A.2d 934 (1996). The licensee in fact need not specifically express a refusal to submit to chemical testing, conduct alone is sufficient evidence of that refusal. *Department of Transportation, Bureau of Driver Licensing v. Wicks,* 136 Pa.Cmwlth. 322, 583 A.2d 21 (1990).

However, Purcell argues that the facts of *McCamey v. Commonwealth,* 144 Pa. Cmwlth. 292, 601 A.2d 471 (1991), control and show that the Department did not meet its burden of proving the statutory requirements to support a suspension. We do not agree.

In *McCamey,* the licensee fled the scene of the arrest prior to being requested to take a blood test and warned of the consequences of a refusal. We held that McCamey thus, did not receive proper *O'Connell* warnings. However, here the trial court specifically found that Officer Hummel did request that Purcell take the blood test and gave him his *Miranda* and *O'Connell* warnings. Then Purcell fled the scene. No conduct could be more evident of a refusal. We have carefully reviewed the record and hold that substantial evidence supports the trial court's findings. Therefore, we hold that the trial court did not err as a matter of law in determining that the Department met its burden under Section 1547 of the Vehicle Code.

Accordingly, we affirm.

### *ORDER*

AND NOW, this 19th day of February, 1997, the order of the Court of Common Pleas for the 26th Judicial District, Columbia County Branch, in the above-captioned matter is hereby affirmed.