564 A.2d 289

**Christopher P. LUZINS, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 18, 1989.

Decided Sept. 29, 1989.

Allan H. Freedman, Briskin, Freedman & Cunilio, Bryn Mawr, for appellant.

Christopher J. Clements, Asst. Counsel, Lancaster, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Harrisburg, for appellee.

Before CRUMLISH, Jr., President Judge, and PALLADINO and SMITH, JJ.

PALLADINO, Judge.

Christopher P. Luzins (Luzins) appeals from an order of the Court of Common Pleas of Chester County, which dismissed an appeal from a one year suspension imposed by the Department of Transportation, Bureau of Driver Licensing (DOT) for refusing to submit to chemical testing as required by 75 Pa.C.S. § 1547. We affirm.

The facts are not in dispute. At 1:15 a.m. on September 23, 1988, an officer of the Plymouth Township Police Department observed a vehicle being driven without its lights on. The officer stopped the vehicle, informed the operator, Luzins, that his headlights were not on and asked Luzins where he was headed. The officer testified that he detected an odor of alcohol on Luzins' breath, that Luzins' speech was thick tongued, that Luzins' eyes were bloodshot and glassy in appearance, and that Luzins fumbled through his wallet when requested to produce his operator's permit and vehicle registration. N.T. at 4–5. Luzins was then arrested for driving under the influence and was transported to the police station for an intoximeter test. After being informed

of the implied consent law, Luzins submitted to the breath test, but due to the discrepancies in the readings, by operation of law, the machine was considered not operational. Luzins was then transported by the officer to a nearby hospital for a blood alcohol test. Once at the hospital, Luzins refused to permit the withdrawal of blood, even after being informed by the officer that such a refusal would result in an automatic license suspension. There was no dispute of the fact that the hospital was not within the primary jurisdiction of the officer who requested the chemical test.

The sole issue presented by this appeal is whether a motorist's refusal to submit to a chemical test pursuant to 75 Pa.C.S. § 1547 is valid when the request is made by an officer outside of his primary jurisdiction.

■ Our scope of review in a motor vehicle license suspension case is limited to determining whether the findings of fact are supported by substantial evidence, whether errors of law have been committed and whether the trial court's decision demonstrates a manifest abuse of discretion. *Hewitt v. Commonwealth of Pennsylvania*, 116 Pa. Commonwealth Ct. 413, 541 A.2d 1183 (1988).

■ Under 42 Pa.C.S. § 8953, a municipal police officer who is within the Commonwealth but beyond the territorial limits of his primary jurisdiction, has the power and authority, if certain conditions are met, to enforce the laws of the Commonwealth or otherwise perform the functions of his office as if he were operating within his primary jurisdiction. Luzins argues that none of the exceptions contained in 42 Pa.C.S. § 8953 are applicable, and as a result the request for a chemical test was null and void, as are any sanctions for refusing to submit to the test. We disagree with this conclusion.

We believe that the actions of the officer fell into the official business exception to 42 Pa.C.S. § 8953, which states in relevant part:

(a) General rule.—Any duly employed municipal police officer who is within this Commonwealth, but beyond the

territorial limits of his primary jurisdiction, shall have the power and authority to enforce the laws of this Commonwealth or otherwise perform the functions of that office as if enforcing those laws or performing those functions within the territorial limits of his primary jurisdiction in the following cases:

. . . .

(5) Where the officer is on official business and views an offense, or has probable cause to believe that an offense has been committed, and makes a reasonable effort to identify himself as a police officer and which offense is a felony, misdemeanor, breach of the peace or other act which presents an immediate clear and present danger to persons or property.

In the case at bar the officer observed the offense, which is a misdemeanor, 75 Pa.C.S. § 3731(e)(1), and he was on official business at the time the request for the chemical test was made.

In addition, a police officer is given a greater freedom outside his jurisdiction for the offense of driving under the influence. This expanded jurisdiction is granted by 75 Pa.C.S. § 3731(c) which reads as follows:

(c) Certain arrests authorized.—In addition to any other powers of arrest, a police officer is hereby authorized to arrest without a warrant any person who the officer has probable cause to believe has violated the provisions of this section, regardless of whether the alleged violation was committed in the presence of such officer. This authority to arrest extends to any hospital or other medical treatment facility located beyond the territorial limits of the police officer's political subdivision at which the person to be arrested is found or was taken or removed to for purposes of emergency treatment examination or evaluation provided there is probable cause to believe that the violation of this section occurred within the police officer's political subdivision.

Luzins does not argue that the officer did not have probable cause to believe that an offense had occurred within the

officer's jurisdiction. In fact, the officer had arrested Luzins, prior to requesting the test. Accordingly, under § 3731(c), the officer had the authority to request a chemical test outside of his territorial jurisdiction.

■ Finally, in *Kuzneski v. Commonwealth of Pennsylvania*, 98 Pa.Commonwealth Ct. 595, 511 A.2d 951 (1986) we addressed the question of whether a police officer could make a valid request for a chemical test outside his territorial jurisdiction. We held that as long as the individual requesting the test is a police officer, the request is valid, even if the request is made outside of the officer's jurisdiction. *Id.*

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, September 29, 1989, the order of the Court of Common Pleas of Chester County, in the above-captioned matter is affirmed.