598 A.2d 575

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

**v.**

**Robert Lee WEICHEY, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted Aug. 16, 1991.

Filed Oct. 17, 1991.

20

David R. White, Asst. Counsel, for appellant.

Kenneth G. Reidenbach, II, and Steven L. Breit, for appellee.

Before DOYLE and PELLEGRINI, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (PennDOT), appeals from an order of the Court of Common Pleas of Lancaster County, sustaining the appeal of Robert Lee

Weichey (Licensee) and setting aside PennDOT's suspension of his driving privileges for one year.

On January 28, 1990, Officer Bryan James Ressler (Ressler) of the Marietta Borough Police Department observed Licensee on Route 441 in Marietta Borough driving his vehicle erratically, as well as exceeding the posted speed limit. Ressler began to follow Licensee's vehicle which crossed into East Donegal Township. After observing more erratic driving, Ressler stopped Licensee. Licensee failed field sobriety tests and was placed under arrest for violating Section 3731 of the Vehicle Code, *as amended*, 75 Pa.C.S. § 3731 (driving under the influence of alcohol and/or a controlled substance). Licensee was given the implied consent warning,[1] but refused to take the blood alcohol test.

By letter dated March 9, 1990, PennDOT suspended Licensee's driving privileges for one year for refusing to take a blood test in violation of Section 1547 of the Vehicle Code, *as amended*, 75 Pa.C.S. § 1547 (implied consent law). Licensee appealed to the trial court, which found that at the time of the arrest, Ressler, as a police officer of Marietta Borough, was without jurisdiction to arrest Licensee in East Donegal Township. Because the arresting officer lacked jurisdiction, the trial court set aside Licensee's suspension of driving privileges. While the order of the trial court was dated October 29, 1990, PennDOT did not appeal until January 29, 1991.

■ Initially, Licensee contends that PennDOT's appeal should be quashed because it was untimely filed. PennDOT contends that its appeal should be allowed, because it did not receive written notice of the trial court order setting aside the suspension from the prothonotary or anyone else until it inquired about the case on January 23, 1991, six days prior to its appeal.

1. There is some disagreement in the record as to when the implied consent warnings were given and how clearly. Licensee admitted that some form of the warnings were given twice. The implied consent warning is not at issue in this appeal.

Pa.R.A.P. 903(a) provides that a notice of appeal is required within thirty days of the entry of the order. Pa. R.A.P. 108(b) states "the date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)." Pa.R.C.P. No. 236(b) requires that the prothonotary give written notice to each party to the action and note in the docket the giving of the notice. Time for appeal does not run against the appealing party "until (1) the order has been entered upon the appropriate docket, and (2) a notation appears in the docket that proper notice has been given concerning the entry or the order." *Yeaple v. Yeaple,* 485 Pa. 399, 403, 402 A.2d 1022, 1024 (1979).

PennDOT argues that because there is no entry in the docket that it was sent notice of the order sustaining Licensee's appeal, the time for appeal cannot be considered to begin to run until it received notice of that order when it inquired as to the status of the case. Because it is a prerequisite for an entry to be contained in the docket that the order was sent to the parties, PennDOT is not precluded from taking this appeal.

We now address PennDOT's contention that the trial court improperly sustained the appeal of the license suspension because Ressler, who as a Marietta Borough police officer, lacked jurisdiction to make the arrest in East Donegal Township.

██ Under Section 1547(b)(1) of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1547(b)(1), for PennDOT to suspend driving privileges for refusal to take a chemical test, it must establish that the licensee: (1) was placed under arrest for driving under the influence of alcohol and that the arresting officer had reasonable grounds to believe that the operator was driving while intoxicated; (2) was asked to submit to a chemical test; (3) refused to comply; and (4) was warned that his license would be revoked if he refused to take the test. *Woods v. Commonwealth, Department of Transpor-*

*tation, Bureau of Traffic Safety,* 116 Pa.Commonwealth Ct. 294, 541 A.2d 846 (1988). The trial court found that a valid arrest had not been made because the police officer lacked jurisdiction for the arrest. However, we have had held that the arrest must be only an arrest in fact; the legality of the underlying arrest is not an issue in a driver's license suspension appeal. *Kuzneski v. Commonwealth of Pennsylvania,* 98 Pa.Commonwealth Ct. 595, 597–98, 511 A.2d 951, 952–53 (1986), *petition for allowance of appeal denied,* 514 Pa. 620, 521 A.2d 934 (1987).[2]

▪ Furthermore, when an officer observes an offense within the boundaries of his jurisdiction, in certain circumstances he is empowered to make an arrest outside his jurisdiction. The officer's authority arises from Section 4 of the Act of June 15, 1982, P.L. 512, *as amended,* 42 Pa.C.S. § 8953(a)(2), which provides:

> Any duly employed municipal police officer who is within this Commonwealth, but beyond the territorial limits of his primary jurisdiction, shall have the power and authority to enforce the laws of this Commonwealth or otherwise perform the functions of that office as if enforcing those laws or performing those functions within the territorial limits of his primary jurisdiction in the following cases:
>
> . . . .
>
> (2) Where the officer is in hot pursuit of any person for any offense which was committed, within his primary jurisdiction, and for which offense the officer continues in fresh pursuit of the person after the commission of the offense.[3]

**2.** *See also, McDonald v. Commonwealth, Department of Transportation,* 130 Pa.Commonwealth Ct. 276, 567 A.2d 1127 (1989); *Commonwealth, Department of Transportation v. Wysocki,* 517 Pa. 175, 535 A.2d 77 (1987).

**3.** 42 Pa.C.S. § 8953(a) continues giving other circumstances in which a municipal police officer has jurisdiction:

> (5) Where the officer is on official business and views an offense or has probable cause to believe that an offense has been committed, and makes a reasonable effort to identify himself as a police officer, and which offense is a felony, misdemeanor, breach of the peace or

In *Kinzer v. Commonwealth, Department of Transportation,* 119 Pa.Commonwealth Ct. 604, 605, 547 A.2d 863, 864 (1988), *petition for allowance of appeal denied,* 522 Pa. 607, 562 A.2d 828 (1989), in applying this provision, we held that a police officer observing a licensee apparently operating a vehicle under the influence of intoxicating liquor within the officer's municipality was authorized to pursue the licensee to another municipality and effectuate an arrest. Accordingly, we held the subsequent refusal by the licensee to undergo a chemical test justified suspension of operating privileges.[4]

█ Ressler observed Licensee's erratic driving within Marietta Borough, his own jurisdiction. He followed Licensee who crossed the township line into East Donegal Township and exhibited more erratic driving. Licensee was stopped in East Donegal Township and an arrest and request for chemical testing followed. Ressler had the authority to follow and arrest Licensee outside his jurisdiction based on his observations of an offense inside his jurisdiction, under 42 Pa.C.S. § 8953(a)(2). After the request for and refusal of testing, PennDOT could suspend Licensee's driving license without further concern about the jurisdiction for the arrest.

Our scope of review in a driver's license suspension case is limited to determining whether the findings of the trial court are supported by competent evidence or whether the trial court made errors of law or abused its discretion in reaching the decision. *Commonwealth, Department of*

other act which presents an immediate clear and present danger to persons or property.

This provision would also support the arrest, because driving under the influence of alcohol is a misdemeanor and Ressler observed the offense while he was on official business. *See Luzins v. Commonwealth, Department of Transportation,* 128 Pa.Commonwealth Ct. 601, 564 A.2d 289 (1989).

4. Even prior to the enactment of 42 Pa.C.S. § 8953, we had held in *Commonwealth of Pennsylvania v. Griffie,* 21 Pa.Commonwealth Ct. 403, 346 A.2d 838 (1975), that when an officer is in hot pursuit, he can stop the vehicle even after it leaves his jurisdiction, make a valid arrest and request a test to determine alcohol levels.

*Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 248, 555 A.2d 873, 875 (1989). Because Ressler had jurisdiction to arrest Licensee outside his employing municipality and the legality of the underlying arrest is not a justification for refusing to take a chemical test, we set aside the trial court's decision sustaining the appeal of the one-year suspension of operating privileges.

## ORDER

AND NOW, this 17th day of October, 1991, the order of the Court of Common Pleas, Lancaster County, dated October 29, 1990, No. 1424 of 1990, is reversed.