**Kathryn E. GOMORY**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 7, 1997.

Decided Jan. 2, 1998.

Timothy P. Wile, Asst. Counsel In–Charge, and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Kathryn E. Gomory, appellee, for herself.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The essential issue in this case is whether a three-month suspension of a motor vehicle registration by the Pennsylvania Department of Transportation (DOT) was proper.

DOT appeals from the order of the Court of Common Pleas of Montgomery County that sustained the appeal of Kathryn E. Gomory (Gomory) from DOT's suspension of her motor vehicle registration. The three-month suspension was imposed by DOT in compliance with the mandate found in 75 Pa.C.S. § 1786(d) that requires a three-month suspension of the registration of a vehicle if DOT determines that financial responsibility was not secured. We reverse.

On October 15, 1996, Keystone Insurance Company (Keystone) cancelled a policy of liability insurance issued to Gomory, covering her Honda Coupe. In compliance with its obligation under 75 Pa.C.S. § 1786(e), Keystone reported cancellation of the liability insurance policy to DOT.

On November 12, 1996, DOT sent Gomory a financial responsibility inquiry which informed Gomory that it had been notified by Keystone of the October 15, 1996 cancellation and requested updated financial responsibility information with respect to her Honda Coupe. When no satisfactory financial responsibility information was received by DOT, it notified Gomory on January 4, 1997, that as a result of lapse in financial responsibility coverage, the registration of her Honda Coupe, was being suspended for three months. On February 26, 1997, fifty-three days after the mailing date of the notice of suspension, Gomory filed a statutory appeal to the Court of Common Pleas of Montgomery County.

At the beginning of the *de novo* hearing, DOT moved to quash Gomory's appeal on the basis that it was filed beyond the thirty-day appeal period. Gomory responded to DOT's motion to quash by claiming that DOT erred in concluding that the lapse in financial responsibility had occurred. Gomory conceded that she did pay her policy premium two days late. However, she claimed that she did not receive notice of the cancellation until November 23, 1996, and had, in the meantime, sent Keystone additional premium payments, which it had cashed. Gomory testified that once she learned Keystone had declined her coverage, even though it had accepted her payments, she procured new insurance. The trial court announced it was granting Gomory leave to file a *nunc pro tunc* appeal.

DOT then introduced its documents into evidence, consisting of a packet, duly certified and under seal in conformity with the

requirements of 42 Pa.C.S. §§ 6103 and 6109 and 75 Pa.C.S. § 1377(b). Included in the packet of documents was a certified copy of the January 4, 1997 suspension notice and certification that such notice was mailed to Gomory. DOT's documents also included a printout of information received from Keystone to the effect that a policy of liability insurance covering Gomory's Honda Coupe had been cancelled, effective October 15, 1996. After the documents were admitted into evidence, the trial court sustained Gomory's appeal, which was docketed with the Montgomery County Prothonotary on May 7, 1997. The Prothonotary did not give notice to either Gomory or DOT of the docketing of that order. DOT subsequently learned of the docketing of the order and, on June 11, 1997, filed a notice of appeal to the Commonwealth Court, stating that it had not been notified of the May 7, 1997 docketing of the trial court's order.

The trial court filed an opinion in support of its order, stating that DOT's appeal should be quashed as untimely since it was not filed within the thirty days of docketing of its order. The trial court did not address the merits of DOT's appeal.

■ On appeal to this Court,[1] DOT first challenges the trial court's order stating that its appeal should not be quashed because it was timely filed. We agree.

■ The law is well settled in this Commonwealth that the thirty-day appeal period, mandated by Pa. R.A.P. 903(a), does not commence until an order is "entered" by the trial court. Pursuant to Pa. R.A.P. 108, a trial court's order is not "entered" until that order has been entered by the Prothonotary on the docket *and* notice of the order's entry has been given to the parties by the Prothonotary as required by Pa. R.C.P. No. 236. *See Department of Transportation, Bureau of Driver Licensing v. Weichey,* 143 Pa. Cmwlth. 19, 598 A.2d 575 (1991), *appeal de-*

*nied,* 530 Pa. 647, 607 A.2d 256 (1992). Our review of the record supports DOT's argument and thus, we hold DOT's appeal is timely.

Next, DOT contends that the trial court erred as a matter of law in denying its motion to quash Gomory's statutory appeal as untimely and granting her leave to file a *nunc pro tunc* appeal.

First, no reasons for allowing the *nunc pro tunc* appeal are set forth in the trial court opinion. DOT asserts that this lack of discussion is not surprising because at no point during the hearing did Gomory provide testimony or evidence as to the reasons why her statutory appeal of the January 4, 1997 suspension notice was not filed until February 26, 1997. An owner of a registered motor vehicle who desires to challenge a suspension of that vehicle's registration is required to file a statutory appeal of that suspension with the appropriate common pleas court within thirty days of the entry of the date of DOT's suspension notice. 42 Pa.C.S. § 5571(b).

■ Here, DOT's notice to Gomory that the registration of her Honda Coupe was being suspended for three months was mailed to her on January 4, 1997. This date is established by DOT's packet of certified documents which certifies the mailing date as being January 4, 1997. Gomory filed her statutory appeal fifty-three days later and as such, the appeal to the trial court was untimely filed. Where a vehicle owner has filed a statutory appeal outside of the thirty-day appeal period set forth in 42 Pa.C.S. § 5571(b), the untimely filing of the appeal deprives the common pleas court of subject matter jurisdiction to entertain the merits. Therefore, we hold that the trial court erred when it refused to grant DOT's motion to quash Gomory's statutory appeal.[2]

Accordingly, we reverse.

---

1. Our scope of review in the appeal from the suspension of a vehicle registration is limited to determining whether the trial court's findings are supported by substantial evidence, or whether the trial court committed an error of law or manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Hafele,* 158 Pa.Cmwlth. 493, 631 A.2d 1114 (1993).

2. While we recognize Gomory had reason to be confused by the actions of Keystone, we are constrained by the rules of procedure and MVFRL's strict requirements.

## ORDER

AND NOW, this 2nd day of January, 1998, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby reversed.

KELLEY, J., files dissenting opinion.

KELLEY, Judge, dissenting.

I respectfully dissent.

The essential issue in this case is not whether a three-month suspension of a motor vehicle registration by DOT was proper, but whether DOT's appeal to this court was timely. DOT admittedly filed its appeal more than thirty days from the date the order was entered by the court. DOT argues that the Prothonotary's failure to give notice pursuant to Pa.R.C.P. 236 prevented the toll of the thirty-day appeal period and, as a result, its appeal was timely.[1]

What I find disconcerting is the fact that DOT *had* notice of the trial court's decision. The trial court rendered its decision orally from the bench in the presence of DOT'S counsel on May 5, 1997. The order was then entered on the docket on May 7, 1997. DOT was well aware that the trial court was granting claimant's appeal nunc pro tunc and rescinding the suspension of her vehicle registration. Under such circumstances, I believe DOT should have periodically examined the docket to determine if an order was filed. However, rather than examining the docket entries, DOT chose to wait until thirty days after the court rendered its decision to determine if in fact the order was filed.

DOT should not be permitted to hide behind the rules of civil procedure where it could have easily filed a timely appeal by simply examining the docket. I, therefore, conclude that this court was without jurisdiction to hear DOT's untimely appeal.

1. Although the docket entry of the trial court does not state that notice of the order was mailed to the parties, the only evidence presented that

DOT did not receive notice is the assertion made by DOT's counsel.