IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence G. Adams,               :
                    Appellant    :
                                 :
          v.                     :  No. 1076 C.D. 2016
                                 :  SUBMITTED:  December 30, 2016
Commonwealth of Pennsylvania     :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE JULIA K. HEARTHWAY, Judge
          HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE HEARTHWAY                    FILED:  May 26, 2017


          Lawrence G. Adams appeals from the opinion and order of the Centre County Court of Common Pleas.  The trial court determined that Adams was not entitled to the return of property seized by police as part of a criminal investigation against Adams because his petition for return of property was untimely filed.  We quash Adams' appeal.


          Adams was convicted in the Centre County Court of Common Pleas on October 31, 2008 of multiple criminal offenses related to Adams prescribing narcotics illegally.  On December 16, 2008, he was sentenced to serve a total of seven to fourteen years in a state correctional institution, and on December 18, 2008 he pled guilty to additional related offenses.  He was sentenced on February 5, 2009.

The instant action involves personal property that was seized from Adams pursuant to a lawful search warrant related to the criminal investigation against him. Adams filed a petition for return of property on December 30, 2015. On February 3, 2016, the trial court held argument regarding Adams' petition, and on February 4, 2016, the trial court issued an opinion and order denying the petition. (Appellant's Appendix at A-1.) The trial court found that Adams' petition was untimely filed because it was filed more than six years after the trial court concluded the criminal proceedings against Adams in 2009. (Reproduced Record (R.R.) at 2a.) The next day, the trial court mailed the opinion and order to Adams. (Appellant's Appendix at A-1.) On March 8, 2016, Adams appealed to the Superior Court, which transferred jurisdiction to this Court on July 8, 2016.[1]

The Commonwealth presents two arguments against Adams' appeal from the trial court: (1) the appeal was filed more than 30 days after the trial court's entry of the order denying his petition; and (2) even if Adams' instant appeal was timely, his petition with the trial court was properly denied because he waived his claim by waiting nearly seven years after his original sentencing to petition for the return of his property.

A notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken. Pa. R.A.P. 903(a). The thirty day appeal period mandated by Rule 903(a) does not commence until the order has been

---

[1] We have jurisdiction over appeals involving return of property and forfeiture petitions. *See In Re: One 1988 Toyota Corolla (Blue Two-Door Sedan) PA License TPV 291*, 675 A.2d 1290, 1296 (Pa. Cmwlth. 1996). Our standard of review concerning petitions for the return of property is whether the trial court abused its discretion. *Commonwealth v. Durham*, 9 A.3d 641, 645 (Pa. Super. 2010).

entered by the Prothonotary on the docket and notice of the order's entry has been given to the parties by the Prothonotary as required by Pa. R.C.P. No. 236. *Gomory v. Dep't of Transportation, Bureau of Motor Vehicles*, 704 A.2d 202, 204 (Pa. Cmwlth. 1998). Whenever the last day of an appeal period falls on a Saturday or Sunday, those days are omitted from the time computation. 1 Pa.C.S. § 1908. Time limitations on filing appeals are strictly construed, and we lack jurisdiction to excuse an untimely notice of appeal. *Valley Forge Center Associates v. Rib-It/K.P., Inc.*, 693 A.2d 242, 245 (Pa. Super. 1997). An untimely appeal renders this Court without jurisdiction. *Id.* at 246.

Here, the trial court clerk noted in the docket that the order had been filed on February 4, 2016, and was mailed to Adams' counsel on February 5, 2016. (R.R. at 1.) Adams was required to file any appeal to the trial court's February 4, 2016 order within 30 days after the order was entered on the docket and notice was given by the trial court. The thirtieth day after the entry of the order was March 5, 2016, a Saturday, and the thirtieth day after the order was mailed to Adams' counsel was March 6, 2016, a Sunday. Consequently, the deadline for the filing of an appeal in this matter was Monday, March 7, 2016. Because Adams did not file his appeal until March 8, 2016, this Court does not have jurisdiction over this matter.

We recognize that Adams' appeal was filed only one day late. Nonetheless, even if inclined to do so, this Court lacks the legal authority to

3

enlarge the statutorily set limits of its power and jurisdiction. Accordingly, we quash this appeal.[2]

_____
JULIA K. HEARTHWAY, Judge

---

[2] Because we are compelled to quash this appeal as untimely, we will not address whether the trial court erred in its determination that Adams' petition for return of property was untimely filed.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence G. Adams,            :
          Appellant      :
                        :
          v.           :  No. 1076 C.D. 2016
                        :
Commonwealth of Pennsylvania  :

## O R D E R

AND NOW, this 26th day of May, 2017, we hereby quash as untimely Lawrence G. Adams' appeal from the order of the Centre County Court of Common Pleas.

_____
JULIA K. HEARTHWAY, Judge