Rasheed Nifas and Garry Mason,           :
                 Appellants           :
                                  :
         v.           :
                                    :
Thomas McGinley, Renee Foulds,           :
Anthony Luscavage, Karen Merritt-           :  No. 1467 C.D. 2021
Scully, and Blanche Milo           :  Submitted: March 17, 2023

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: May 8, 2023

      Rasheed Nifas (Nifas) and Garry Mason (jointly Appellants), *pro se*, appeal from an order of the Court of Common Pleas of Northumberland County (trial court) dated June 9, 2021, denying Appellants *in forma pauperis* status and dismissing their civil complaint as frivolous. Upon review, we quash the appeal as untimely.

      Appellants are inmates incarcerated in the State Correctional Institution in Coal Township. In May 2021, they filed a purported class action complaint in the trial court, alleging that prison personnel violated their constitutional rights by failing to implement proper safety protocols during the COVID-19 pandemic, resulting in Appellants' contraction of COVID-19. Br. of Appellants at 4. Appellants also filed a praecipe to proceed *in forma pauperis*, which the trial court apparently treated as an application for *in forma pauperis* status. *See id.* at 2 & 4.

On June 9, 2021, the trial court issued an order dismissing Appellants' praecipe and complaint as frivolous. Br. of Appellants at 2. Appellants' brief avers the following sequence of events thereafter:

> On July 22nd,[ ]2021[,] Plaintif[f]—Nifas called the Prothonotar[y]'s Office for a copy of any order, and [o]n July 22nd,[ ]2021 the Prothonotary's Office finally sent th[e] Order dismissing the Complaint on June 9th,[ ]2021 . . . .
>
> On July 26th,[ ]2021[,] Plaintiff—Nifas filed a Notice of Appeal to the [trial c]ourt . . . . The trial court refused to process the timely No[ti]ce of Appeal, Plaintiff—Nifas constantly wrote to the trial court Prothonotary['s] Office asking for a stamped copy of the Notice of Appeal showing that it was processed and docketed. ([Br. of Appellants,] Ex[].B).
>
> On December 13th,[ ]2021[,] the[ ]Prothonotary['s] Office finally processed the Notice of Appeal, and the Notice has two different time and dates stamped on it.[1] [*I*]d.
>
> On Jan 11th,[ ]2022[,] the trial court issued an order, that was not[ ]sent to the Plaintiff–Nifas until January 20th,[ ] 2022. ([Br. of Appellants,] Ex[].E). And on Jan. 19th,[ ] 2022[,] Plaintiff–Nifas filed a Concise Statement of Errors Complained of on Appeal, after calling the Northumberland County Prothonotary Office for a copy of any order by the trial court. ([Br. of Appellants,] Ex[].D).

*Id.* at 4. Thus, Appellants suggest that they did not receive timely service of the trial court's dismissal and, additionally, that the trial court did not timely process their Notice of Appeal. *See id.*

Consistent with Appellants' averment that Nifas called the trial court Prothonotary for a copy of the order on July 22, 2021, the trial court's docket indicates that a copy of the dismissal order was sent to Nifas on that date, apparently

---

[1] The two dates were both in December 2021. *See* Notice of Appeal.

in response to his telephone call. *See* Notice of Appeal, attachment. Assuming, *arguendo*, that this was the trial court's first service of notice of the dismissal on Appellants, any appeal had to be filed within 30 days after that date.[2] Pa.R.A.P. 903(a). However, the first indication of the trial court's receipt of the Notice of Appeal appears on the docket dated December 15, 2021, nearly five months after the docket reflects mailing of a copy of the dismissal in compliance with Nifas's request. Notice of Appeal, attachment. The Notice of Appeal itself was designated by Appellants in its caption as "Resubmitted 12/3/21," and although the certificate of service provides a purported mailing date of July 26, 2021, the attached certified mail receipts are dated December 15 and 27, 2021. Notice of Appeal & attachment. The docket does not reflect any previously filed Notice of Appeal. *See* Notice of Appeal, attachment; Br. of Appellants, Ex. E (trial court statement) at 1 (stating that the Notice of Appeal was filed December 13, 2021).[3]

On March 11, 2022, this Court issued an order observing that the appeal appeared to be untimely and directing the parties to address the issue of untimeliness in their briefs on the merits of their appeal.[4] Other than including the statement of facts quoted above, however, Appellants did not comply with this Court's order. Specifically, Appellants did not list timeliness as an issue on appeal and did not discuss it anywhere in the argument section of their brief; nor did they otherwise

---

[2] As this Court has explained, the 30-day appeal period "does not commence until an order is 'entered' by the trial court . . . , [and] a trial court's order is not 'entered' until that order has been entered by the Prothonotary on the docket and notice of the order's entry has been given to the parties by the Prothonotary . . . ." *Gomory v. Dep't of Transp., Bureau of Motor Vehicles*, 704 A.2d 202, 204 (Pa. Cmwlth. 1998) (additional citation omitted).

[3] We also note that the appeal was not properly perfected, as the Notice of Appeal was not served on the trial court judge. *See* Pa.R.A.P. 1925(a)(1); Br. of Appellants, Ex. C (trial court order dated January 10, 2022) at 1 n.1.

[4] Appellees elected not to file a brief or otherwise participate in the appeal.

point to any record evidence or offer any legal argument or citation to legal authority in support of their bare averments of fact. As such, Appellants have failed to support their implicit suggestion that we should consider the appeal as timely although it was filed six months after the trial court's dismissal order.

In *Watkins v. Workers' Compensation Appeal Board (Ingram's Drain & Sewer Cleaning Inc.)* (Pa. Cmwlth., No. 895 C.D. 2018, filed March 11, 2019), this Court considered a similar timeliness issue.[5] As in this case, we issued an order in *Watkins* directing the parties to address in their briefs the potentially untimely appeal. However, the petitioner failed to address the timeliness issue, in contravention of this Court's order. *See id.*, slip op. at 2. We first observed that where an appeal is untimely, we lack subject matter jurisdiction to consider it. *Id.*, slip op. at 2-3 (first citing *Riverlife Task Force v. Planning Comm'n of City of Pittsburgh*, 966 A.2d 551, 559 (Pa. 2009); and then citing *Tishok v. Dep't of Educ.*, 133 A.3d 118, 122 n.2 (Pa. Cmwlth. 2016) (stating that "failure to timely appeal is a jurisdictional defect that cannot be waived")). We then noted that, although the petitioner stated in a *pro se* letter that he did not receive the appealed order in the mail, the record indicated that the order had been mailed, and there was no evidence indicating that the mailing was returned as undeliverable. *Watkins*, slip op. at 1-2 n.1. We observed that it is the appellant's burden to demonstrate an excuse for an untimely appeal. *Id.* (citing *Roman-Hutchinson v. Unemployment Comp. Bd. of Rev.*, 972 A.2d 1286, 1288 n.1 (Pa. Cmwlth. 2009) (stating, "the claimant bears a heavy burden to justify an untimely appeal")). We further observed that an appellant's failure to present a developed timeliness argument in his brief,

---

[5] We cite this unreported decision as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

particularly where that failure contravenes the appellate court's express order, waives any timeliness argument. *Watkins*, slip op. at 2 n.1 (citing *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived")). We therefore quashed the appeal in *Watkins*. *Id.*, slip op. at 3.

We find our analysis in *Watkins* applicable and persuasive here. Appellants here, like the petitioner in *Watkins*, failed to offer any support for their assertion that they did not receive notice of the trial court's dismissal order. As in *Watkins*, the docket here demonstrated the mailing of the order and did not indicate that the mailing was returned as undeliverable. Thus, the record here, as in *Watkins*, failed to sustain Appellants' heavy burden of demonstrating an excuse for their untimely appeal. Moreover, like the petitioner in *Watkins*, Appellants here have waived any argument regarding such an excuse by failing to offer a developed argument in their brief.

For these reasons, this Court lacks subject matter jurisdiction over this appeal. Accordingly, the appeal is quashed as untimely filed.


_____
CHRISTINE FIZZANO CANNON, Judge

5

Rasheed Nifas and Garry Mason, :
                     Appellants :
                                 :
          v. :
                                   :
Thomas McGinley, Renee Foulds, :
Anthony Luscavage, Karen Merritt- :   No. 1467 C.D. 2021
Scully, and Blanche Milo :

# O R D E R

AND NOW, this 8th day of May, 2023, the appeal of Rasheed Nifas and Garry Mason from the order of the Court of Common Pleas of Northumberland County dated June 9, 2021, is QUASHED.

 

_____
CHRISTINE FIZZANO CANNON, Judge