# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Renee Fagan,                  :
           Appellant       :
                             :
                             :
           v.                 :    No. 690 C.D. 2024
                             :    SUBMITTED: May 6, 2025
Bucks County Board of Elections, Gene : 
DiGirolamo, Diane M. Ellis-Marseglia, :
and Robert J. Harvie, Jr.           :

## OPINION NOT REPORTED

**MEMORANDUM OPINION**
**PER CURIAM**                                    **FILED: June 13, 2025**

Appellant, Renee Fagan, appeals *pro se* from the order of the Court of Common Pleas of Bucks County (Common Pleas) denying her motion for preliminary injunction. Because Fagan's notice of appeal was not timely filed, we are constrained to quash the appeal.

The pertinent facts are as follows. On March 12, 2024, Fagan filed a complaint and motion for preliminary injunction in Common Pleas against the Bucks County Board of Elections and its three individual members: Gene DiGirolamo, Diane M. Ellis-Marseglia, and Robert J. Harvie, Jr. (collectively, Board). The complaint alleges that the Board's training procedures violate Section 1222 of the Pennsylvania Election Code,[1] 25 P.S. § 3062, because they fail to include "the quality control measures" the legislature enacted "to ensure election integrity." Original Record (O.R.) at 6.[2] Specifically, Fagan complains that the Board's

---

[1] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2600-3591.

[2] Because the Certified Record was filed electronically and was not paginated, the page numbers referenced in this opinion reflect electronic pagination.

procedures do not include hand counting of paper ballots at voting sites. Fagan requested that Common Pleas issue an order directing the Board "to revise its election training immediately consistent with [the Election Code,] including but not limited to requiring hand counting and recording at the voting sites within the [d]istrict." O.R. at 11.

The Board responded that its use of an electronic voting system rendered Section 1222 of the Election Code inapplicable. Instead, its post-election training procedures are governed by Section 1113-A of the Election Code,[3] which does not mandate hand counting of paper ballots. The Board argued that because its procedures, as outlined in the Bucks County Election Training Manual, derive directly from Section 1113-A, there is no violation of the Election Code.

Common Pleas conducted a hearing at which Fagan and the Board presented witness testimony and exhibits. Subsequently, on April 16, 2024,[4] Common Pleas entered an order denying Fagan's motion for preliminary injunction. Common Pleas agreed with the Board that it uses an electronic voting system, and, therefore, Fagan was unlikely to succeed on the merits of her claim that the Board's post-election procedures violate the Election Code.

Fagan filed a notice of appeal on May 23, 2024, 44 days after Common Pleas entered its order. This Court subsequently issued an order directing the parties to address in their principal briefs on the merits or in an appropriate application for relief whether the notice of appeal is untimely given that it was filed more than 30

---

[3] Added by the Act of July 11, 1980, P.L. 600, 25 P.S. § 3031.13.

[4] While the order is dated April 15, 2024, it was docketed and notice was given to the parties on April 16, 2024. It is well established that the time period for filing a notice of appeal does not commence until an order is entered on the docket and notice of that entry has been given to the parties. *See, e.g.*, *Gomory v. Dep't of Transp., Bureau of Motor Vehicles*, 704 A.2d 202, 204 (Pa. Cmwlth. 1998) [citing Pa.R.A.P. 108(b) & Pa.R.Civ.P. 236(b)].

days after entry of Common Pleas' order. 8/28/2024 Cmwlth. Ct. Order [citing Pa.R.A.P. 903(a)]. While no such application was filed, both parties addressed the timeliness issue in their respective briefs.

Before considering the merits of Fagan's appeal, we must address whether she filed her appeal in a timely manner as "timeliness of an appeal is jurisdictional, and the issue of timeliness may be raised by any party, even by the Court on its own motion, at any stage of the proceedings." *City of Phila. v. Frempong*, 865 A.2d 314, 317 (Pa. Cmwlth. 2005). *See also In re Six Ballots in 2024 Gen. Primary Election*, 326 A.3d 121, 125 (Pa. Cmwlth. 2024) (the Court may raise the issue of timeliness *sua sponte*). It is well established that the time for taking an appeal "cannot be extended as a matter of grace or mere indulgence." *G.R.S. v. Dep't of Hum. Servs.*, 329 A.3d 770, 773 (Pa. Cmwlth. 2025) [quoting *V.S. v. Dep't of Pub. Welfare*, 131 A.3d 523, 527 (Pa. Cmwlth. 2015)]. However, in limited circumstances, "the limitations period can be waived, and the appeal will be considered timely as *nunc pro tunc*, or 'now for then.'" *Harris v. Unemployment Comp. Bd. of Rev.*, 247 A.3d 1223, 1229 (Pa. Cmwlth. 2021) [quoting *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008)]. The circumstances warranting such extraordinary relief include fraud, a breakdown in the court's operations, or non-negligent circumstances relating to the appellant or her counsel. *See, e.g.*, *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001); *G.R.S.*, 329 A.3d at 773.

Pennsylvania Rule of Appellate Procedure 903(a) provides that in appeals from common pleas decisions, "the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P.

3

903(a).[5]  As stated above, Fagan filed her notice of appeal 44 days after Common Pleas entered its order denying her motion for preliminary injunction.  There is no indication in the record, nor does Fagan even argue that there was any fraud, breakdown in the processes of the Court, or non-negligent circumstances that prevented her from timely filing her notice of appeal.  Rather, she argues that she was unaware of the appeal deadline because she believed the rule referred to business days rather than calendar days, and requests the Court's "grace and forgiveness[.]"  Fagan's Br. at 11.  However, "ignorance of the law does not excuse a party to an action from his statutory obligation to file an appeal within the prescribed appeal period."  *Finney v. Unemployment Comp. Bd. of Rev.*, 472 A.2d 752, 754 (Pa. Cmwlth. 1984).  The only exception that could possibly apply here is that of non-negligent circumstances.  Our courts have repeatedly held that the non-negligent circumstances "exception applies 'only in unique and compelling cases in which the [appellant] has clearly established that [she] attempted to file an appeal, but unforeseeable and unavoidable events precluded [her] from actually doing so.'"  *G.R.S.*, 329 A.3d at 773 [quoting *Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2001)].  That is not the case here.

---

[5] We note that Rule 903(c), Pa.R.A.P. 903(c), provides exceptions to this general 30-day rule.  Specifically, Rule 903(c)(ii) states that an appeal from "[a]n order in any matter *arising under the* [] *Election Code*" "shall be taken within [10] days after the entry of the order[.]"  Pa.R.A.P. 903(c)(ii) (emphasis added).  Because the outcome of the timeliness of Fagan's notice of appeal would be the same under either Rule 903(a) or Rule 903(c)(ii), we need not determine whether this matter is one "arising under" the Election Code.  *See, e.g.*, *Ryckman v. Crawford Cnty. Bd. of Elections* (Pa. Cmwlth., No. 472 C.D. 2018, filed Nov. 16, 2018) (holding that the appellant's appeal in a peremptory judgment and preliminary injunction matter was one arising under the Election Code for purposes of Pa.R.A.P. 903's timeliness provisions because it was grounded in the Election Code, derived from one of its enforcement sections, and was consistent with the purpose of expeditiously resolving objections).  Pursuant to Section 414(a) of the Court's Internal Operating Procedures, this unreported opinion is cited only for its persuasive value.  210 Pa. Code § 69.414(a).

Accordingly, because Fagan's notice of appeal was filed 44 days after Common Pleas entered the order at issue, and she has not established grounds for *nunc pro tunc* relief, we are constrained to quash her appeal as untimely.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Renee Fagan,                 :
           Appellant       :
                      :
        v.                :    No. 690 C.D. 2024
                      :
Bucks County Board of Elections, Gene : 
DiGirolamo, Diane M. Ellis-Marseglia, :
and Robert J. Harvie, Jr.         :

## PER CURIAM                 O R D E R

AND NOW, this 13th day of June, 2025, Appellant Renee Fagan's appeal from the order of the Court of Common Pleas of Bucks County in the above-captioned matter is QUASHED as untimely.